## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **CAMPAIGN LEGAL CENTER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 22-cv-01115 (APM)** |
| | ) | |
| **45COMMITTEE, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### <u>ORDER</u>

Defendant 45Committee, Inc. asks the court to stay these proceedings pending resolution of three related actions that are before the either D.C. Circuit or this District Court. Def.'s Mot. to Stay Proceedings, ECF No. 17 [hereafter Def.'s Mot.], Statement of P. & A in Supp. of Def.'s Mot., ECF No. 17-1 [hereinafter Def.'s Mem.], at 22. According to Defendant, favorable rulings in these other actions would show that the Federal Election Commission ("FEC") did "act" on Plaintiff Campaign Legal Center's administrative complaint. *See id.* at 17–18. Confirmation of this fact, Defendant contends, will compel this court to dismiss this action on "threshold grounds." *Id.* at 18. Having carefully considered the parties' positions, Defendant's request is denied.

Defendant seeks what is, in effect, an indefinite stay because it provides no assurance as to when any of the three related matters will conclude. *See Belize Soc. Dev., Ltd. v. Gov't of Belize*, 668 F.3d 724, 731–33 (D.C. Cir. 2012) (holding that a stay order was "indefinite" when the stay's end date was pegged to a ruling by the Supreme Court of Belize that would be rendered at an unknown time).[1] An indefinite stay can be justified only by a "pressing need," and Defendant has

---

[1] The case that arguably will reach a final decision the soonest is the FOIA action, *45Committee, Inc. v. FEC*, 22-cv-502 (ABJ) (D.D.C.) [hereinafter *45Committee v. FEC* Docket], as summary judgment briefing in that case is scheduled

not made such showing.  *Id.*  Defendant insists that commencing this matter risks wasting time and resources, as a favorable result in the other matters would require dismissal of this action.  Def.'s Mem. at 17–18.  But without greater certainty as to the precise outcome of those proceedings and their timing, the mere possibility of time and resource savings does not rise to the level of "pressing need."  *See Belize Soc. Dev.*, 668 F.3d at 732 (stating that the "pressing need" standard is not met where the record "fails to show either what a 'resolution' of [the pending] case would entail or when such a resolution is likely to be reached").

Moreover, the prospect of a dismissal at some future date cannot override the injury Plaintiff would suffer from an indefinite stay.  *See id.*  Plaintiff has been pressing its matter, first administratively before the FEC and then in litigation before this District Court, since August 2018.  Adding an indefinite amount of time on top of the four years that already has passed would be highly prejudicial to Plaintiff.  *See United States v. Marion*, 404 U.S. 307, 326 (1971) (identifying as "prejudice inherent in any extended stay[] that memories will dim, witnesses [will] become inaccessible, and evidence [will] be lost").

If Defendant's concern is that this court will be handling a matter "while its jurisdiction in in doubt," Def.'s Reply in Supp. of Def.'s Mot., ECF No. 21 [hereinafter Def.'s Reply], at 2, Defendant is of course free to move to dismiss for lack of jurisdiction at any time during the pendency of this action.  *See Bayala v. U.S. Dep't of Homeland Sec., Off. of Gen. Couns.*, 827 F.3d 31, 34 (D.C. Cir. 2016) ("Article III's limitation of federal-court jurisdiction to cases and controversies requires that 'an actual controversy . . . be extant at all stages of review, not merely at the time the complaint is filed.'") (quoting *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66,

---

to conclude on August 26, 2022, *see 45Committee v. FEC* Docket, Minute Order, June 6, 2022, but there is no telling how long the court will take to resolve those motions.  Also, Defendant has not offered any assurance that, if it does not prevail in the FOIA action, it will not pursue appellate review.

71 (2013)).  The court can revisit the need for a stay should Defendant obtain the FEC records it seeks and move to dismiss.

In the alternative, Defendant requests a stay through October 2022, so that "the Court and the parties will have a better sense of what, if any, additional time would be needed for 45Committee to obtain the FEC's unredacted voting records."  Def.'s Reply at 5.  But the court is skeptical that a time-limited stay will provide the parties a "better sense" of where things stand in the FOIA action.  Briefing in that case is set to conclude in late August 2022.  *See supra* note 1. Clarity by October 2022 is far from assured.

For the reasons stated, Defendant's Motion to Stay Proceedings is denied.

Dated:  July 18, 2022

_____
Amit P. Mehta
United States District Judge